IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASKIA SANKOFA ASHANTI, | NO. CV 25-09379-AB (AGR) |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT RECOMMEND DISMISSAL OF DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (HUD)** |
| HOUSING AND URBAN DEVELOPMENT, et al., | |
| Defendants. | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint against the Department of Housing and Urban Development (HUD), the Housing Authority of the City of Los Angeles (HACLA), Lourdes Castro Ramirez (HADLA CEO), and.Marina Quintanilla (HACLA Administrator).  Each individual defendant is named in an official and individual capacity.  (Dkt. No. 1.)

1

For the reasons set forth below, the Court orders Plaintiffs to show cause, in writing, on or before **April 10, 2026**, why it should not recommend dismissal of the Department of Housing and Urban Development (HUD).

## I.

## **LEGAL STANDARDS**

The court has screened the FAC pursuant to 28 U.S.C. § 1915(e)(2).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted).

The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The court reviews the complaint, materials that are the subject of judicial notice, and materials "submitted as part of the complaint." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

A *pro se* complaint is liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Plaintiffs proceeding *pro se* should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is clear the

deficiencies cannot be cured by amendment.  *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).  Nevertheless, "district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

**II.**

**DISCUSSION**

The complaint names HUD as one of the defendants.  However, the complaint and its attachments do not contain any factual allegations that describe what HUD did or did not do to violate Plaintiff's rights.  Therefore, the complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.

Moreover, absent express waiver, sovereign immunity shields the United States and its federal agencies from suit.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity, but for "'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'"  28 U.S.C. § 1346(b)(1)); *Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011) (constitutional torts "are not actionable under the FTCA because any liability would arise under federal rather than state law").

3

## III.

## <u>ORDER TO SHOW CAUSE</u>

For the reasons set forth above, IT IS ORDERED that Plaintiffs show cause, in writing, on or before **April 10, 2026**, why the Court should not recommend dismissal of the claims against HUD.  Plaintiff should explain any factual basis he has for a claim against HUD.

If Plaintiff does not timely respond to this order to show cause, the court will recommend dismissal of HUD.  The case proceeds against other defendants.

DATED: March 10, 2026

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

4